```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WANG ET AL.                              CIVIL ACTION

VERSUS                                   NO: 06-5458

FIDELITY NATIONAL INSURANCE              SECTION: "R"(5)
PROGRAM
```

**ORDER**

Before the Court is defendant Fidelity National Insurance Company's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  Plaintiffs have not opposed the motion.

Plaintiffs sued Fidelity, their flood policy insurer, on August 29, 2006. (R. Doc. 1).  Plaintiffs' property was damaged by flood waters as a result of Hurricane Katrina.  Plaintiffs allege that Fidelity violated the National Flood Insurance Act in the adjustment of plaintiffs' flood claims.  Plaintiffs seek damages, attorneys' fees, costs, and penalties pursuant to Louisiana Rev. Statutes §§ 22:658 and 22:1220.

On November 28, 2007, defendant filed a motion for summary judgment. (R. Doc. 17).  Defendant contends that plaintiffs' breach of contract claim is barred because plaintiffs did not

comply with conditions precedent set forth in their Standard Flood Insurance Policy ("SFIP") prior to filing suit. Specifically, plaintiffs failed to comply with Article VII(J)(3), which requires that plaintiffs provide documentation of the loss, and Article VII (J)(4), which requires plaintiffs to timely submit a signed and sworn proof of loss.  Defendant asserts that plaintiffs' claims are therefore barred pursuant to Article VII(R) of the SFIP. *See, e.g., Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (provisions of the SFIP must be strictly construed and enforced); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) ("it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy"); *Lafon v. State Farm Fire and Cas. Co.*, 1999 WL 511400, *2 (E.D. La. 1999) (holding that an insured's failure to provide a complete, sworn proof of loss statement as required by the flood insurance policy relieves the federal insurer's obligation to pay what otherwise might be a valid claim).

Defendant further contends that as holders of a standard flood insurance policy, plaintiffs cannot assert extra-contractual state law based claims because such claims are barred and preempted by federal constitutional, statutory, and regulatory law. *See, e.g., Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007) (holding that the National Flood Insurance

Act does not expressly authorize policy-holders to bring extra-contractual claims against their WYO insurers and that there is no evidence of Congressional intent to allow policy-holders to file extra-contractual claims under the Act).

The Court has reviewed defendant's motion. Finding that it has merit, the Court hereby GRANTS defendant's motion for summary judgment. Plaintiffs' lawsuit is dismissed with prejudice.

New Orleans, Louisiana, this <u>17th</u> day of December, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE